A. J. VARNER V. THE STATE.

No. 21284. Delivered December 4, 1940.

The opinion states the case.

*Dibrell, Mosheim & Campbell,* of Seguin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

A. J. Varner was convicted by a jury in the county court of Guadalupe County on a charge of obstructing a public road, and was assessed a fine of $25.00.

The appeal presents several questions, but our attention is attracted first to the condition of the record in that it fails to show that the road alleged was a public road. There is evidence that it had been used by some people a great many years ago,

the time being indefinite, but there is also evidence without dispute in the record that the road described, or at least a part of it, was so obstructed by the growth of trees in it and the washing of ditches across it that it was not and could not be used as a public road and had not been for something like twenty years. There is evidence that a part of the road was traversed by individuals whose properties were made accessible by reason of it, but they did so only by crossing what appears to be a part of appellant's land in order to go around a ditch in the roadway and then by winding among trees and brush the rest of the distance. These parties might have used this strip of land by right, or permissively. It is immaterial to the turning point in this case.

When the prosecuting witness interviewed the county commissioner in whose precinct the roadway is situated, he told the witness that he would have to secure a petition to have the road opened. Assuming that the commissioner was correct in his instruction, and the prosecution concurs, it was not a public road at that time. The witness then secured a petition signed by sixty-two people asking the commissioners' court to open the road. Whether or not this petition meets the requirements of law as a petition to create a public road is also immaterial, because the record does not show that it was ever acted upon. It was filed by the clerk and the court thereupon directed a letter to be written to appellant telling him to remove the alleged obstruction. He did so at the time, but thereafter replaced it. There is no evidence of any order of the court at any time which attempts to designate this as a public road and there is nothing shown in the record which would make it such.

It is immaterial to discuss the questions raised by the bills of exception.

Because the prosecution fails to show that the road alleged was a public road, the judgment of the trial court is reversed and the cause remanded.